***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jones. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award except for minor modifications; therefore, the Full Commission AFFIRMS the Opinion and Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant-employer.
3. Builders Mutual Insurance Company was the carrier on risk.
4. Plaintiff's average weekly wage was $332.80 yielding a compensation rate of $221.39.
5. Plaintiff's medical records were stipulated into evidence as Stipulated Exhibit 1. This documentation consists of records from Haywood Regional Medical Center, Warren Chiropractic, Chip Doll, P.C., Gary Bernard, M.D., George Kim, M.D., Robyn Peckham, M.D., Steven Bonney, M.D., Parkridge Hospital, and William Ertag, M.D.
6. The Industrial Commission Forms and Filings relating to this case were stipulated into evidence as Stipulated Exhibit 2.
7. Plaintiff's Responses to Defendants' First Set of Interrogatories were stipulated into evidence as Stipulated Exhibit 3.
8. The depositions of Gary Charles Bernard, M.D., William D. Ertag, M.D., and Robyn H. Peckham, M.D. are a part of the evidentiary record in this case.
9. The issues before the Full Commission are: (i) whether plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer and (ii) if so, what compensation, if any is due plaintiff?
 ***********
Based on the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the deputy commissioner hearing in this matter, plaintiff was forty-three (43) years old and divorced. Plaintiff has two children. Plaintiff graduated from high school in the mid 1970's and completed one year of construction engineering at Northeastern Louisiana University as well as one year in electronics training at Tampa Tech in 1981. Plaintiff previously owned a tree and landscaping business in Florida for seventeen years. Plaintiff also has a history of weight lifting and competing in other body building competitions.
2. Plaintiff injured his back on two occasions while operating his own tree and landscaping service. Plaintiff's first work-related back injury occurred in 1989 involving a motor vehicle accident. Plaintiff's second work-related back injury occurred in 1997 resulting in a herniated disk at L4-L5.
3. In 1999, plaintiff left Florida to live in Clyde, North Carolina with his parents.
4. Defendant-employer is in the custom home building business. Plaintiff began his employment with defendant-employer in early January 2000. Plaintiff was employed as a laborer and worked for defendant-employer at the time he contends he was injured. Plaintiff indicated he had problems with his back at the time he began working with defendant-employer.
5. On March 20, 2000, plaintiff and Scott Campbell were carrying floor trusses that were approximately twenty-six (26) feet long, fourteen (14) feet tall and weighed approximately three (3) pounds per foot or eighty-eight (88) pounds total.
6. Plaintiff contends that as he picked up the fifth or sixth truss he felt a sharp pain in his lower back causing him to drop the end. Plaintiff asserts that he told Mr. Campbell that he had hurt his back. Plaintiff borrowed Mr. Campbell's weight lifting belt so he would be able to continue working. Plaintiff had been previously prescribed a weight lifting belt by William Ertag, M.D.
7. Plaintiff completed his work day on March 20, 2000. Plaintiff also completed his entire eight (8) hour work day on March 21, 2000, March 22, 2000 and March 23, 2000. During this time period, plaintiff completed framing a house and deck.
8. Plaintiff did not indicate he was having difficulty performing his normal work during this four day period.
9. On March 24, 2000, plaintiff contacted Scott Campbell and asked if he would be able to be off work because his back was sore. Plaintiff did not indicate to Mr. Campbell that he had injured his back or report an injury for the March 20, 2000 alleged incident.
10. Plaintiff initially mentioned his injury to defendant-employer on March 27, 2000 when he contacted Mr. Campbell indicating he would not be coming into work that day.
11. Plaintiff sought medical attention on March 28, 2000 from Dorcas Hough, M.D. Dr. Hough treated plaintiff on three occasions and released him to light duty work on April 4, 2000.
12. There was no light duty work available with defendant-employer within the restrictions as defined by Dr. Hough and plaintiff did not return to work.
13. On March 16, 2000, plaintiff presented to Warren Chiropractic. Plaintiff was examined and had two adjustment treatments on May 23 and May 25, 2000.
14. On June 1, 2000, plaintiff moved to Jacksonville, Florida and began employment as a cablevision installer for Sun Belt Communications. In this installer position, plaintiff earned $800.00 to $900.00 a week which was more than his average weekly wage with defendant-employer.
15. Plaintiff's responsibilities as a cable television installer included lifting a twenty-eight foot ladder on and off a van, climbing up and down telephone poles, crawling under homes, and drilling through walls.
16. Plaintiff has indicated that by September 2000 the constant lifting and moving of the ladder was taking a toll upon him.
17. In July 2000, plaintiff began to receive chiropractic treatment from his brother-in-law in Florida.
18. On September 21, 2000, plaintiff began treatment with Dr. Bernard, an internist with a concentration in pain management.
19. On September 26, 2000, five days after his initial visit, plaintiff returned to Dr. Bernard with severe back pain. Dr. Bernard continued to treat plaintiff from September 21, 2000 through December 19, 2000 and April 16, 2001 through April 20, 2001.
20. Plaintiff worked for Sun Belt Communications until late December 2000 when his pain became severe and he resigned. Following his resignation, plaintiff returned to Clyde, North Carolina to be near his parents.
21. Plaintiff was seen on January 15, 2001 by George Kim, M.D. who referred plaintiff to Robyn Peckham, M.D.
22. Dr. Peckham began treating plaintiff on January 18, 2001. Dr. Peckham determined there was a large mid-line and left sided disk herniation at L4-L5 and a small disk herniation at L3-L4.
23. Dr. Peckham performed surgery on plaintiff on May 16, 2001. Dr. Peckham performed an L4-L5 laminotomy on the left, L4 laminotomy, L4-L5 diskectomy and lateral recess, and foraminal decompression bilaterally at L4-L5 as well as a foraminal decompression at L3-L4 on the right. Dr. Peckham took plaintiff out of work for approximately two weeks after his surgery. Plaintiff was returned to work at full duty including heavy lifting six weeks after the surgery.
24. Plaintiff returned to Florida in October 2001 and resumed his employment with Sun Belt Communications. Again, plaintiff returned to work at wages greater than those he had earned while working for defendant-employer.
25. Plaintiff has failed to prove by the greater weight of the competent evidence that he sustained an injury by accident arising out of and in the course of his employment with defendant-employer.
26. The medical evidence indicates that there has not been a significant change in plaintiff's spinal condition as result of any alleged incident in March 2000.
 ***********
Based on the findings of fact, the Full Commission concludes as follows:
 CONCLUSION OF LAW
1. Plaintiff has failed to prove by the greater weight of the evidence that he sustained an injury by accident arising out of and in the course of his employment with defendant-employer on March 20, 2000; therefore, plaintiff's claim is not compensable under the North Carolina Workers' Compensation Act. N.C.G.S. § 97-2(6).
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 ORDER
1. Under the law, plaintiff's claim must be and the same is hereby DENIED.
Each side shall bear its own costs.
This the ___ day of October 2002.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER